# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J. DOE, a minor child, by and through their mother, JANE DOE, and JANE DOE as an individual,<br><br>Plaintiffs,<br><br>v.<br><br>RYAN WALTERS, an individual and in his official capacity as State Superintendent of Public Instruction and Chair of the Oklahoma State Board of Education, et al.<br><br>Defendant | No. CIV-24-34-R |

## ORDER

While this action was pending in state court, Plaintiff filed a Motion for Leave to Proceed Under Pseudonym and for a Protective Order [Doc. No. 1-3]. Defendants removed the action on the basis of federal question jurisdiction and filed a response in opposition [Doc. No. 7] to the motion.[1] The matter is now at issue.

In their state court Petition, Plaintiffs J. Doe (a transgender minor child who attends public school in Oklahoma) and Jane Doe (J. Doe's mother) challenge an emergency rule proposed by Defendant Walters and adopted by the Oklahoma State Board of Education that prohibits schools from altering sex or gender designations in any prior year student

---

[1] Plaintiffs also filed an untimely reply brief [Doc. No. 10] which the Court has not considered. *See* LCvR7.1(i) ("[A] reply to new matter raised in the response may be filed within 7 days after the date the response was filed.")

records without authorization from the Board. Plaintiffs contend the rule runs afoul of the Oklahoma Administrative Procedures Act, the Oklahoma Parents' Bill of Rights, the Due Process Clause of the Oklahoma State Constitution, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and Title IX. In the present motion, Plaintiffs seek leave to proceed anonymously to protect the privacy and safety of J. Doe, although they have no objection to providing their legal names to Defendants.

"Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)(citation omitted). As the Tenth Circuit noted in *Femedeer*, the Federal Rules of Civil Procedure require an action to be prosecuted in the name of the real party in interest and to include the name of the parties. *See* Fed. R. Civ. P. 10(a), 17(a)(1). These rules are consistent with the common law right of the public to access judicial records and documents in civil cases. But the right is not absolute.

The Tenth Circuit has recognized that "in certain 'exceptional circumstances' the need for anonymity outweighs the presumption in favor of open court proceedings." *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (quoting *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)). Exceptional circumstances warranting anonymity include "cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer*, 227 F.3d at 1246 (quotation omitted). Here, Plaintiffs primarily rely on the first two circumstances, contending that this case involves the highly personal matter of J. Doe's

2

transgender status and J. Doe faces a threat of physical harm if their transgender status is publicly disclosed. Defendants strenuously oppose Plaintiffs' request, arguing that there is no important privacy interest at stake and certainly not one that warrants proceeding anonymously. After carefully considering the parties' arguments, the Court is persuaded that this is one of those exceptional cases where the plaintiff's need for anonymity outweighs the presumption in favor of open court proceedings.

Most significantly, disclosing the identity of Plaintiffs would publicly reveal J. Doe's transgender status,[2] which the Court has little trouble concluding is the sort of information that is of a highly sensitive and personal nature. Numerous other district courts have reached the same conclusion. *See, e.g., Poe v. Drummond*, No. 23-CV-177-JFH-SH, 2023 WL 4560820, at *3 (N.D. Okla. July 17, 2023); *Foster v. Andersen,* No. 18-2552-DDC-KGG, 2019 WL 329548, at *2 (D. Kan. Jan. 25, 2019); *Doe v. City of Detroit*, No. 18-CV-11295, 2018 WL 3434345, at *2 (E.D. Mich. July 17, 2018); *Bd. of Educ. of the Highland Loc. Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I. 1992).

Defendants make three primary arguments in opposition to this conclusion, but none are persuasive. First, Defendants liken transgender status to "routine personal information"

---

[2] Although the Federal Rules of Civil Procedure permit the use of initials for a minor, the limited anonymity this procedure affords is not sufficient in this case as publicly identifying J. Doe's mother would likely expose the identity of J. Doe. *See Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 724 (7th Cir. 2011), *vacated on other grounds*, 687 F.3d 840 (7th Cir. 2012) (finding it "significant that children are involved in the suit" and noting that "[i]dentifying these adult plaintiffs also would expose the identities of their children").

3

that does not enjoy a presumption of privacy such as sex, height, weight, and eye-color. But these outward facing characteristics are not equivalent comparisons to an individual's decision to present as a gender different than the biological sex assigned at birth. Second, Defendants argue there is no legitimate privacy interest in transgender status because the Assistant Secretary for Health at the U.S. Department for Health and Human Services is openly transgender and the White House hosted a "Transgender Day of Visibility." However, the fact that some individuals have chosen to publicly acknowledge their transgender status does not undermine the reality that transgender status is a highly sensitive and private matter for many individuals, including apparently, J. Doe. Last, Defendants argue that J. Doe has waived their interest in proceeding anonymously by returning to school. Granted, some members of J. Doe's school community are likely aware of their transgender status, but "the general public is not necessarily aware." *Doe v. City of Detroit*, No. 18-CV-11295, 2018 WL 3434345, at \*2 (E.D. Mich. July 17, 2018). J. Doe's transgender status is information of the utmost intimacy, and this is a compelling reason to shield J. Doe's identity from the general public, particularly given that J. Doe is still a minor. *See id.*

Plaintiffs additionally allege that proceeding anonymously in this case is warranted because revealing J. Doe's transgender status would subject them to discrimination, harassment, and the threat of physical violence. In support, Plaintiffs point to news articles concerning violence again transgender individuals in Oklahoma and stress that J. Doe is still a minor. Although Plaintiffs arguments on this issue are somewhat generalized, they are plainly concerned with more than mere embarrassment or reputational harm to J. Doe.

Many courts have recognized that disclosure of a person's transgender status exposes them to an increased risk of violence and this further weighs in favor of allowing Plaintiffs to proceed anonymously. *See Foster*, 2019 WL 329548 at *2 (collecting cases).

Given the highly sensitive nature of the allegations, the Court finds that Plaintiffs have demonstrated this is an exceptional case where they should be permitted to proceed anonymously. The Court recognizes that "the public has an important interest in access to legal proceedings, particularly those attacking the constitutionality of popularly enacted legislation." *Femedeer*, 227 F.3d at 1246. Here, however, the "[p]ublic interest will still be served by the open and accessible filings and proceedings within the case, and the Court does not believe allowing Plaintiffs to litigate under pseudonyms would significantly hinder the public's right to information about the ultimate legislative and constitutional questions at issue." *Poe*, 2023 WL 4560820 at *4. Further, any prejudice to Defendants is significantly diminished, if not eliminated, by Plaintiffs' willingness to disclose their identifies to Defendants under a protective order. *Roe v. Cath. Health Initiatives Colorado*, No. 11-CV-02179-WYD-KMT, 2012 WL 12840, at *5 (D. Colo. Jan. 4, 2012) (finding that "Defendant's ability to conduct discovery or mount a defense will not be impaired" by limiting disclosure of plaintiff's identity to defendants).

Accordingly, as set out above, Plaintiffs' Motion for Leave to Proceed Under Pseudonym and for a Protective Order [Doc. No. 1-3] is GRANTED. This order is subject to modification by the Court should the circumstances supporting the need to proceed anonymously change. The parties are directed to submit a proposed protective order

regarding how to protect Plaintiffs' identity in accordance with this order by February 26, 2024.

IT IS SO ORDERED this 12th day of February, 2024.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE